12 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lascelle Nowel BAILEY, Defendant-Appellant.
 No. 93-50076.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Nov. 29, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lascelle Nowel Bailey appeals his conviction, which followed a jury trial for being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Bailey argues that the prosecutor deprived him of a fair trial by improperly shifting the burden of proof during closing argument. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 "Prosecutorial comments to which defendant objects are reviewed for harmless error." United States v. Endicott, 803 F.2d 506, 513 (9th Cir.1986). "The prosecutor may comment on the defendant's failure to present exculpatory evidence, provided that the comments do not call attention to the defendant's own failure to testify." United States v. Mares, 940 F.2d 455, 461 (9th Cir.1991). "[I]mproprieties in counsel's arguments to the jury do not constitute reversible error unless they prejudice the defendant and that prejudice has not been remedied by the trial judge." United States v. Lopez-Alvarez, 970 F.2d 583, 597 (9th Cir.), cert. denied, 113 S.Ct. 504 (1992).
 
 
 4
 Here, Bailey, a convicted felon, was stopped for reckless driving. When police searched his car, they discovered a gun hidden in an air vent.
 
 
 5
 In his opening statement at trial, Bailey's attorney told the jury that he would present evidence that, before he was arrested, Bailey had loaned the car to someone else for a week. "During that period of time," he told the jury, "Mr. Bailey didn't see that car. Someone else had access to the car. He doesn't know who was driving the car during that week."
 
 
 6
 Bailey testified that he had received the car as a gift six weeks before he was arrested, and that he had loaned the car to his cousin, Sheffield, for a week during the month prior to his arrest.
 
 
 7
 Before closing arguments, the district court instructed the jury that the government had the burden of proving Bailey's guilt, and that the attorneys' arguments were not evidence. During closing argument, the prosecutor stated that the only other person who had used Bailey's car was his cousin Sheffield. Then he said, "[t]his is a witness clearly accessible to the defendant. He is not here to testify." Defense counsel objected, and the district court reminded the jury that "[t]he defendant doesn't have any burden of producing evidence." In his closing argument, Bailey's attorney reiterated to the jury that during the week Bailey had loaned the car, "[o]ther people could have been in and out of the car." Later, the district court reminded the jury again that the attorneys' arguments were not evidence.
 
 
 8
 Bailey argues on appeal that the prosecutor's calling attention to his cousin's failure to testify improperly shifted the burden to the defense to prove his innocence. We disagree. "It is a common practice for one side to challenge the other to explain to the jury uncomfortable facts and inferences." Mares, 940 F.2d at 461. Moreover, the prosecutor did not argue that Sheffield's failure to testify required a guilty verdict. In any case, the district court instructed the jury that counsel's arguments were not evidence and that Bailey was not required to prove his innocence. "We have held that such instructions are sufficient to cure prejudice resulting from improper prosecutorial argument." Id. Accordingly, we discern no harm in the prosecutor's argument. Endicott, 803 F.2d at 513.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3